**Affirmed and Memorandum Opinion filed July 24, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00064-CV

### TEXAS SOUTHERN UNIVERSITY, Appellant

### V.

### WESTWOOD RESTORATION, LLC, Appellee

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2022-06968**

### MEMORANDUM OPINION

In this interlocutory appeal from the denial of a plea to the jurisdiction filed by Texas Southern University (TSU), we consider two issues related to the immunity waiver in Chapter 114 of the Civil Practice and Remedies Code: (1) whether Westwood Restoration, LLC's pleadings sufficiently invoked the waiver by alleging "a claim for breach of an express provision of" a construction contract and, if so, (2) whether Westwood is prohibited from invoking the waiver because it purportedly

failed to comply with contractual ADR procedures before filing suit.[1] We answer yes to the first question and no to the second. We therefore affirm.

Back in 2021, TSU sustained water damage to its science building and basketball arena after prolonged freezing temperatures associated with Winter Storm Uri caused frozen pipes in the facilities to burst. To repair the damage, TSU enlisted the services of Westwood, a specialist in "fire and water restoration" and "reconstruction." TSU and Westwood entered into a separate written Contractor Agreement for restoration of each building—one for the science building and one for the basketball arena. Section 9.1 of both contracts provided for periodic payments as work progressed, and Section 9.6.1 provided that TSU would pay "in the manner and within the time provided under Chapter 2251 of the Texas Government Code." The latter statute deems a governmental entity's contract payments to be "overdue on the 31st day after … the date the governmental entity receives an invoice for the goods or service."[2] In sum, TSU agreed to pay Westwood's invoices within 30 days after receiving them.

Westwood later sued TSU for breach of contract.[3] It alleged that in the "several written contracts" the parties executed, Westwood "agreed to … repair and mitigate the Uri-related damage to TSU's Science Center and arena," and "TSU agreed to pay Westwood [] within 30 days of receiving an invoice." Westwood also pleaded that it had "performed its obligations under the agreements" and that TSU "breached the express provision of the agreements, namely the contracts' requirement that TSU pay an invoice's full amount within 30 days." Westwood did

---

[1]     TEX. CIV. PRAC. & REM. CODE § 114.003.

[2]     TEX. GOV'T CODE § 2251.021(a)(3).

[3]     Westwood sued TSU as a third-party defendant because Westwood had previously been sued by subcontractor Aggreko, LLC for alleged unpaid invoices relating to equipment Aggreko supplied to Westwood for its work at TSU and other locations.

not identify the Contractor Agreements by their titles or the 30-day payment provisions by specific section numbers, but there are only two contracts between the parties in the record[4]—one for the science building and one for the basketball arena—and each contained only one article titled "Payments and Completion." Westwood also pleaded that "TSU's immunity for this claim is waived pursuant to Texas Civil Practice and Remedies Code §§ 114.002 and 114.003."

TSU answered and filed a plea to the jurisdiction, arguing that Westwood failed to allege a claim within Chapter 114's limited waiver of sovereign immunity because (1) the petition did not "cite the Contractor Agreements" by name, or "identify an express provision thereof that TSU allegedly breached," and (2) Westwood failed to comply with its contractual obligation to use the ADR procedures set out in Chapter 2260 of the Government Code before filing suit. Westwood responded that it was not "required to pinpoint-cite a specific enumerated provision that was breached" to fall within Chapter 114's immunity waiver, and that specifying the contracts on two specific buildings and that TSU failed to pay on time was sufficient to accomplish that purpose. Westwood also rejected TSU's Chapter 2260 argument as a basis for dismissal.[5] The trial court denied TSU's plea. This appeal followed.

On the first issue, we agree with the trial court that Westwood adequately pleaded a claim within Chapter 114's immunity waiver.[6] TSU claims that Westwood

---

[4] A one-page amendment to each contract later added additional work and related fees.

[5] Westwood's response included both Contractor Agreements (one for the science building and one for the arena). TSU also attached the agreements to its plea to the jurisdiction.

[6] Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). When, as here, a plea to the jurisdiction challenges the pleadings, we determine if the pleader alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff while looking to the pleader's intent. *Id.* We review the

had to identify by name *which* provision of *which* particular contract it had allegedly breached; without those allegations Westwood's "vague, equivocal, and imprecise allegations and allusions" do not allege a claim for "breach of an express provision" as required by Chapter 114.

But the statute requires that the express provision that was allegedly breached be stated in the *contract*, not in the plaintiff's *petition*:

> A state agency that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this chapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of *an express provision of the contract*, subject to the terms and conditions of this chapter.[7]

A provision is "express" when it is "[c]learly and unmistakably communicated; stated with directness and clarity."[8] Westwood alleged that it entered into written agreements with TSU to repair two specific buildings, and that TSU breached express provisions in each requiring payment within 30 days of receiving an invoice. Westwood thus pleaded a claim that falls within Chapter 114's immunity waiver.

We agree that failure to name a particular express provision of a particular written contract may sometimes be insufficient to waive immunity, especially when it is unclear what the dispute is and whether it falls within the several limitations on Chapter 114's scope.[9] But once a pleading meets those requirements (and TSU does

---

trial court's order de novo. *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021).

[7]      TEX. CIV. PRAC. & REM. CODE § 114.003 (emphasis added).

[8]      *Express*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[9]      For example, chapter 114 states certain contract prerequisites, *see* TEX. CIV. PRAC. & REM. CODE § 114.001(2) (limiting applicability to "a written contract stating the essential terms of the agreement for providing goods or services to the state agency that is properly executed on behalf of the state agency"); limits on subject matter, *see id.* § 114.002 (limiting suits to "a claim for breach of a written contract for engineering, architectural, or construction services or for materials related to" those services); and limits on amounts in controversy, *see id.* (limiting amount in controversy to suits for more than $250,000 "excluding penalties, costs, expenses, prejudgment

4

not allege Westwood's pleading did not), Chapter 114 does not explicitly address the specificity of a claimant's trial court pleadings. That is instead governed by our procedural rules, which require "fair notice of the claims alleged" *and* "the essential factual allegations supporting those claims."[10] Since there were only two contracts here, each one a major contract for payment of hundreds of thousands of dollars, and each with a single article specifying payment terms, we hold TSU could not have been confused about the contracts or express provisions it had allegedly breached.[11] We overrule TSU's first issue.[12]

TSU next argues that Westwood cannot invoke Chapter 114's immunity waiver because it failed to comply with a contractual obligation to comply with the ADR procedures stated in Chapter 2260 of the Texas Government Code before filing suit. We agree with the trial court this is not a jurisdictional defect.

Chapter 114 of the Civil Practice and Remedies Code and Chapter 2260 of the Government Code provide two alternatives for resolving government contract disputes, each of which is mutually exclusive.[13] Chapter 114 provides for a judicial

---

interest, and attorney's fees").

[10]     TEX. R. CIV. P. 45; *In re First Reserve Mgmt., L.P.*, 671 S.W.3d 653, 662 (Tex. 2023).

[11]     As TSU points out, the Texas Supreme Court recently stated in another case rejecting a TSU plea to the jurisdiction that the claimant there "identified the specific contract provisions it contends TSU breached." *Pepper Lawson Horizon Int'l Grp., LLC v. Tex. S. Univ.*, 669 S.W.3d 205, 211 (Tex. 2023). That would clearly be the better practice, but the statute does not expressly require it.

[12]     TSU also argues that the only agreement to which Westwood's petition "alludes with any degree of specificity" is Purchase Order P0166350. But the face of that document references the science building contract, so it does not introduce a different contract.

[13]     *See* TEX. CIV. PRAC. & REM. CODE § 114.012 ("A claim to which this chapter applies may not be brought under Chapter 2260"); TEX. GOV'T CODE § 2260.002(3) ("This chapter does not apply to … a claim for breach of contract to which Chapter 114, Civil Practice and Remedies Code, applies.").

resolution of claims on written contracts,[14] applies only if the amount in controversy is not less than $250,000,[15] and waives immunity to suit.[16] Chapter 2260 provides a purely administrative process for claims on written contracts,[17] judicial enforcement for damages less than $250,000 and legislative discretion to pay damages in that amount or more,[18] and does *not* waive immunity to suit.[19]

Both statutes require alternative dispute resolution processes in some circumstances. Chapter 2260 requires units of state government to include a contract term stating the dispute resolution process that must be used to resolve disputes by negotiation, mediation, or both.[20] Chapter 114 does not require such contract provisions, but states that alternative dispute resolution requirements that are stated or expressly incorporated into a government contract "are enforceable."[21]

Westwood's petition invoked only Chapter 114, but both contracts that were allegedly breached expressly state that the "dispute resolution process provided for in Chapter 2260 of the Texas Government Code shall be used." Yet while Section 114.005 makes these contractual ADR provision "*enforceable,*" it does not say they are *jurisdictional*.[22] The Texas Supreme Court recently held that almost identical language regarding "enforceable" ADR requirements in local government contracts

---

14    TEX. CIV. PRAC. & REM. CODE § 114.001.

15    *Id*. § 114.002.

16    *Id*. § 114.003.

17    TEX. GOV'T CODE § 2260.001.

18    *Id*. §§ 2260.105, 2260.1055.

19    *Id*. § 2260.006.

20    *Id.* §§ 2260.004, 2260.052, 2260.056.

21    TEX. CIV. PRAC. & REM. CODE § 114.005.

22    Since Chapter 114 enforces only *contractual* pre-suit ADR procedures, state law making *statutory* prerequisites to suit jurisdictional does not apply. *See* TEX. GOV'T CODE § 311.034.

6

were not jurisdictional, and did not narrow the "waiver of immunity to exclude cases in which parties have not complied with the agreed-upon adjudication procedures."[23]

In its reply brief, TSU concedes that given this recent opinion, "Westwood's failure to abide by this agreement does not deprive the trial court of jurisdiction," but asks us to remand with instructions to abate the suit pending completion of the ADR procedures. [Reply at 12–13] But since we agree with the trial court that this is a matter of procedure rather than jurisdiction, we remand to that court to address it. We overrule TSU's second issue.

Having overruled TSU's issues, we affirm the trial court's order.

/s/ Scott A. Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[23] *San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 131 (Tex. 2024) (construing Local Government Code Section 271.154).